484 So.2d 1 (1986)
Joella DeGRIO, Petitioner/Cross-Respondent,
v.
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, Respondent/Cross-Petitioner.
No. 65888.
Supreme Court of Florida.
January 23, 1986.
Rehearing Denied March 21, 1986.
George M. Nachwalter, and Jay M. Levy of Hershoff and Levy, Miami, for petitioner/cross-respondent.
Arthur J. England, Jr. of Fine, Jacobson, Schwartz, Nash, Block and England, Miami, and Harold D. Smith of the Law Offices of Harold D. Smith, P.A., Hollywood, for respondent/cross-petitioner.
OVERTON, Justice.
This is a petition to review American Federation of Government Employees v. DeGrio, 454 So.2d 632 (Fla. 3d DCA 1984), holding that a federal employee could not recover damages from a union for mental or physical injuries allegedly resulting from emotional distress caused by a national union representative's negligent failure to appear and represent her at a job termination hearing. In its holding, the district court certified the following question:
Should Florida abrogate the "impact rule" and allow recovery for the physical consequences resulting from mental or emotional stress caused by a negligent omission on the part of a defendant in the absence of both physical impact upon the plaintiff and malicious conduct by the defendant?
Id. at 638-39. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We find that, under the circumstances of this case, state courts lack subject matter jurisdiction, and, therefore, we need not address the impact *2 rule question.[*] Accordingly, we approve only the result of the district court decision.
DeGrio, a civilian clerk and member of the American Federation of Government Employees, was discharged by the United States Army. She appealed her job termination to the federal Civil Service Commission and requested representation from her union. Under a collective bargaining agreement, approved by executive order and federal regulations, the union was not DeGrio's exclusive bargaining agent and, consequently, was not required to represent her at job termination proceedings; however, the agreement permitted DeGrio to have a union official represent her at such a proceeding.
Although the national union agreed to have an official represent DeGrio, the national union representative did not appear at DeGrio's hearing or subsequently explain his absence to the hearing officer. A local union official was present, but was not knowledgeable in representing members at this type of proceeding. Eight days after the scheduled hearing date, DeGrio suffered an epileptic seizure, which caused physical injuries. Several months later, the hearing officer, on the basis of the record before him, recommended that the federal Civil Service Commission approve DeGrio's termination. The Commission accepted the hearing officer's recommendation.
DeGrio filed a negligence action against the union in circuit court, contending that the union official's failure to appear at her hearing induced her epileptic seizure and caused her injuries. In a non-jury trial, the trial judge determined that DeGrio's cause of action was for common law negligence and that, since her cause differed from any which she might present to an administrative board, the state court was not preempted by federal law and possessed subject matter jurisdiction. Finding that DeGrio was a good employee "who was being unjustifiably forced out of her position" and that the federal government "used incorrect procedures in terminating" DeGrio, the trial court imputed malice to the union, negating the application of the impact rule, and awarded DeGrio $250,000 compensatory and $150,000 punitive damages.
On appeal, the district court agreed with the trial court's exercise of subject matter jurisdiction and concluded that the union, when it gratuitously undertook the obligation of representing DeGrio, "assumed a common law duty to exercise due care." 454 So.2d at 637. The district court determined, however, that "[a] simple failure to appear at a hearing and adequately represent one was certainly not the type of conduct the court had in mind when it created the malicious conduct exception to the impact rule," and vacated the judgment for DeGrio. Id. at 637-38.
The issues for our determination are whether state courts have subject matter jurisdiction over this case and, if so, whether DeGrio may recover, either because the union's conduct was malicious or because the impact rule may be modified to allow recovery. We find the jurisdictional issue to be dispositive.
Addressing the jurisdictional question, the district court determined that this action did not involve the duty of fair representation owed by a labor union to its members. The "duty of fair representation" is a distinctive labor law term, arising from the union's responsibility to represent exclusively its individual members under a labor agreement. Under the duty of fair representation, the union has the obligation to serve the interests of all members without hostility or discrimination towards any, to exercise discretion with complete good faith and honesty, and to avoid arbitrary conduct. The United States Supreme Court explains, "[A] breach of the statutory duty of fair representation occurs only when a union's conduct towards a member of the collective bargaining unit is arbitrary, *3 discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916-17, 17 L.Ed.2d 842 (1967). As acknowledged by DeGrio, the duty of fair representation is distinct from the common law duty of representation: Mere negligent conduct by a union in its representation of a union member does not constitute a breach of the duty of fair representation. Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir.1985); Higdon v. United Steelworkers of America, 706 F.2d 1561, 1562 (11th Cir.1983); Curtis v. United Transportation Union, 700 F.2d 457, 458 (8th Cir.1983); Ruzicka v. General Motors, 649 F.2d 1207, 1212 (6th Cir.1981). Public policy reasons have given unions a different standard of conduct in representation of their members. Unions are excused from simple negligence in their duty of fair representation because, if unions had an ordinary standard of care, union membership would bear the cost of this liability, resulting in increased dues. This liability could also result in the union's reluctance to bargain for and provide union representation at various grievance proceedings, such as job terminations, promotions, or transfers. Public policy recognizes the need for strong unions that will provide representation in these types of proceedings. We note these policy reasons have motivated courts to hold that attorneys may not be held individually liable for their malpractice in representing union members where the union provides the attorneys' services as part of its duty of fair representation to an employee in a grievance or termination process. See Peterson.
The Federal Civil Service Reform Act of 1978, 5 U.S.C. § 7101 et seq. (1982), provides for an explicit duty of fair representation by a union to federal employees when the union exclusively represents those employees. Although the instant case does not involve that mandatory duty, we find that the duty accepted by the union was the obligation to represent DeGrio fairly in her job termination proceeding. We find that the union's duty is no greater because it was voluntarily assumed than it would have been had the collective bargaining agreement required representation of DeGrio. The subject labor agreement enabled the union to appear at DeGrio's hearing at her request; whether voluntary or not, the services performed resulted from the labor agreement. Allowing a union member to bring this type of action in common law negligence based on the union's conduct in representing a union member in a proceeding permitted by a labor agreement would defeat the basic philosophy behind and restrictive liability of a union's duty of fair representation. If common law negligence applied in this action, it would apply in every instance where a union, as a gratuitous service to its members, provides voluntary assistance in labor proceedings. To require a higher duty when the union performs a service voluntarily than when it is obligated to perform that service would make no sense at all.
When a federal employee seeks to remedy a violation of a union's duty of fair representation, the courts, federal or state, have not been designated as a federal employee's forum for a remedy. In this case, DeGrio, as a federal employee, was governed by the federal Civil Service Reform Act, as distinguished from a private sector employee governed by the National Labor Relations Act, 29 U.S.C. § 151 et seq. (1982). Warren v. Local 1758, American Federation of Government Employees, 764 F.2d 1395 (11th Cir.1985), addresses this distinction. In that case, the Eleventh Circuit held that, while section 301 of the National Labor Relations Act allows both federal and state courts to resolve issues relating to a union's duty of fair representation, "Congress did not intend for federal courts to have jurisdiction over such duty of fair representation claims by federal employees." Id. at 1399.
We conclude that the federal labor relations statutes, regulations, and executive orders exclusively govern this type of proceeding for federal employees and preempt state courts. This is not a tort action in which state courts have jurisdiction. The federal government and the *4 State of Florida are separate sovereigns, and a state court judge does not have jurisdiction to find that the federal government wrongfully terminated its employee and used improper procedure to approve that termination. Federal laws and regulations provide the appropriate remedies for federal employees. Indeed, in subsequent federal administrative proceedings, DeGrio was granted total disability benefits from the date of her job termination and full medical benefits.
For the reasons expressed, we find no subject matter jurisdiction exists for state courts in this federal employee labor dispute. We approve only the result of the district court decision.
It is so ordered.
BOYD, C.J., and McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.
ADKINS, J., dissents.
NOTES
[*] We have addressed the modification of the impact rule in differing contexts in Champion v. Gray, 478 So.2d 17 (Fla. 1985), Brown v. Cadillac Motor Car Division, 468 So.2d 903 (Fla. 1985), and Metropolitan Life Insurance Co. v. McCarson, 467 So.2d 277 (Fla. 1985).