HOUSTON, Justice.
This case arises from a dispute between Billie Mims, an employee of the Veterans Administration, and his union, the American Federation of Government Employees (the “AFGE”), concerning the AFGE’s alleged failure to properly deal with Mims’s grievances with his federal government employer. The trial court dismissed Mims’s claim against the AFGE on the basis that our state courts lacked subject-matter jurisdiction over such a lawsuit. We affirm.
The operative facts of this case are without dispute. Mr. Mims, a temporary em: ployee at the Veterans’ Administration Hospital in Birmingham, was fired by the Veterans’ Administration, due to his alleged undependability, disrespectful conduct, and unexcused absences. Mims subsequently requested that his union, the exclusive bargaining agent for certain federal employees at the hospital, challenge his termination pursuant to the grievance procedures in effect between the union and the hospital. The AFGE responded to this request by filing a grievance on Mims’s behalf, a grievance that was ultimately rejected by management. After the rejection of the grievance, and after a review of the merits of Mims’s challenge, the AFGE decided not to pursue the matter further and denied Mims’s request that the matter be taken to arbitration. This failure of the AFGE to arbitrate Mims’s claim was the gravamen of his action in the trial court— Mims essentially asserted that the AFGE’s failure to arbitrate was a breach of the Union’s duty of fair representation, a duty cognizable under federal labor law, see, Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).
Although state courts have subject-matter jurisdiction over such claims when they concern private sector employees, see id.; Cohorst v. United States Steel Corp., 439 So.2d 23 (Ala.1983), we hold that the statutory scheme enacted by Congress governing such claims in the context of federal government employment preempts state court jurisdiction. Accordingly, the trial court was correct in dismissing Mims’s claim on the basis that it lacked subject-matter jurisdiction.
We reach this conclusion because we are persuaded by the reasoning advanced in the cases of Warren v. Local 1759, Federation of Government Employees, 764 F.2d 1395 (11th Cir.1985), cert. denied, 474 U.S. 1006, 106 S.Ct. 527, 88 L.Ed.2d 459 (1985); Karahalios v. Defense Language Institute/Foreign Language Center Presidio of Monterey, 821 F.2d 1389 (9th Cir.1987), cert. granted sub nom. Karahalios v. National Federation of Federal Employees, Local 1263, — U.S. —, 108 S.Ct. 2032, 100 L.Ed.2d 617 (1988); and DeGrio v. American Federation of Government Employees, 484 So.2d 1 (Fla.1986). These cases essentially hold that Congress intended to commit the resolution of federal employee labor disputes exclusively to a federal agency, the Federal Labor Relations Authority, at least in the first instance.[1] *663 These courts base this holding in part on Congress’s failure to include in the statutory scheme governing federal government labor disputes, see 5 U.S.C. § 7101-7131 (Title VII of the Civil Service Reform Act of 1978), a provision similar to § 301 of the statutory scheme governing private sector labor disputes, the Labor Management Relations Act, see 29 U.S.C. § 185. In Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), § 301 of the Labor Management Relations Act was relied on to show that Congress intended the act to be non-exclusive in regard to the federal agency involved, and that federal and state courts had jurisdiction to hear fair representation claims. The courts noted above have correctly recognized that a failure to include a similar section in the public sector scheme demonstrates Congress’s intent to preempt state and federal courts of jurisdiction over such claims.
“When a federal employee seeks to remedy a violation of a union’s duty of fair representation, the courts, federal or state, have not been designated as a federal employee’s forum for a remedy. In this case, [the plaintiff], as a federal employee, was governed by the federal Civil Service Reform Act, as distinguished from a private sector employee governed by the National Labor Relations Act, 29 U.S.C. § 151 et seq. (1982). Warren v. Local 1759, American Federation of Government Employees, 764 F.2d 1395 (11th Cir.1985), addresses this distinction. In that case, the Eleventh Circuit held that, while section 301 of the National Labor Relations Act allows both federal and state courts to resolve issues relating to a union’s duty of fair representation, ‘Congress did not intend for federal courts to have jurisdiction over such duty of fair representation claims by federal employees.’ Id. at 1399.
“We conclude that the federal labor relations statutes, regulations, and executive orders exclusively govern this type of proceeding for federal employees and preempt state courts. This is not a tort action in which state courts have jurisdiction. The federal government and the State ... are separate sovereigns, and a state court judge does not have jurisdiction to find that the federal government wrongfully terminated its employee and used improper procedure to approve that termination.”
DeGrio v. American Federation of Government Employees, 484 So.2d, at 3-4.
In short, there is no subject-matter jurisdiction in our state courts over Mims’s claim, and the trial court correctly dismissed his suit on this basis.
We are aware, of course, that the exclusivity of a federal employee’s forum is an issue now before the United States Supreme Court, see Karahalios v. National Federation of Federal Employees, Local 1263, — U.S. —, 108 S.Ct. 2032, 100 L.Ed.2d 617 (1988) (petition for writ of cer-tiorari granted June 6, 1988), and that at least one federal court of appeals has held, contrary to the Eleventh and the Ninth Circuit Courts of Appeal, that the federal district courts may hear fair representation claims, Pham v. American Federation of Government Employees, Local 916, AFL-CIO, 799 F.2d 634 (10th Cir.1986). Suffice it to say that we are persuaded by the decisions of the Eleventh Circuit and the Supreme Court of Florida on this matter, and, accordingly, we see no reason to delay our decision until the United States Supreme Court makes its determination on this issue.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, and BEATTY, JJ., concur.

. The statutory scheme does empower federal courts to act in certain limited instances, such as providing for a right to appeal a decision of the Federal Labor Relations Authority to the appropriate federal circuit court of appeals. However, the scheme commits the initial resolution of federal labor disputes to the Federal Labor Relations Authority, and not to federal district courts or state courts. See generally, *663 Warren, 764 F.2d, at 1396; Karahalios, 821 F.2d, at 1392.