**Mary WALSH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 81–CV–712.

United States District Court, N.D. New York.

Dec. 16, 1983.

Lyons & Duncan, Albany, N.Y., for plaintiff; David L. Duncan, Albany, N.Y., of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; Gary L. Sharpe, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

MEMORANDUM–DECISION
AND ORDER

McCURN, District Judge.

Plaintiff, Mary Walsh, has been employed by the IRS, Albany District, as a GS–4 "WAE" (While Actually Employed) Taxpayer Service Representative since 1974. In July of 1978 she applied for a permanent GS–4 Revenue Representative position pursuant to a vacancy posted by the Agency, but was not selected. She then filed a grievance in accordance with the provisions of the Multi-District Collective Bargaining Agreement (MDA) then in effect between the IRS and the National Treasury Employees Union (NTEU). Arbitrator James M. Harkless heard the grievance, together with another grievance not involved in this litigation, and decided as follows:

> The grievance of August 18, 1978 is sustained. The grievant was erroneously omitted from the Best Qualified List for the Revenue Representative position for which she applied in July 1978. The grievant is therefore entitled to priority consideration for the next appropriate permanent vacancy for which she is qualified.

In February of 1981, the Albany District announced a vacancy for two permanent GS–5 Tax Auditor positions. Walsh applied and was considered, but was not placed on the Best Qualified List, and was not selected for either position. A grievance filed by Walsh was denied by the Agency on April 1, 1981, on the ground that the GS–5 Tax Auditor position was not an "appropriate vacancy" under the meaning of either the MDA or the arbitral award.

Walsh neither sought arbitration of her grievance as provided by the MDA, nor filed an unfair labor practice charge with the Federal Labor Relations Authority. Instead, she commenced this action in federal district court, asserting general federal question jurisdiction under 28 U.S.C. § 1331.

Two causes of action are set forth in the complaint. First, Walsh claims that the government "violated the award of the Hon. James M. Harkless in violation of Article 7, Article 35 and Article 36 of the MDA between the Internal Revenue Service and the National Treasury Employees Union," and that this was done to deprive Walsh of a position "to which she was entitled under the appropriate Civil Services laws and regulations." Second, Walsh alleges that she had written her Congressman about this unfair treatment, and claims that "because of her exercise of freedom of speach [sic] ... she was subject by her superiors to harrassment, villification, nonpromotion, though entitled to the same, and conspiracy to keep her in her place."

Based on the facts recited above, which are not in dispute, the government has moved for summary judgment, contending that the claims are not within the court's federal question jurisdiction and are otherwise barred by failure to exhaust contractual and administrative remedies. For the reasons set forth below, the court finds that it lacks jurisdiction over the claims, and dismisses the complaint.

DISCUSSION

Subject matter jurisdiction is predicated upon 28 U.S.C. § 1331, which enables this court to adjudicate matters arising "under the Constitution, laws, or treaties of the United States." Walsh asserts in her first claim a right to priority consideration for the GS–5 Tax Auditor position, and identifies three sources of that right: the MDA, the previous arbitral award, and "the appropriate Civil Service laws and regulations." None of these sources furnish a basis for federal question jurisdiction.

Neither a collective bargaining agreement nor an arbitral award is a Constitution, law, or treaty of the United States, and claims arising under either source are plainly outside the embrace of 28 U.S.C. § 1331. Moreover, any general basis for invoking federal district court jurisdiction to enforce a collective bargaining agreement or arbitral award is preempted by Title VII of the Civil Service Reform Act of 1978, 5 U.S.C. § 7101 *et seq.*, which

"contains the first statutory scheme governing labor relations between federal agencies and their employees." *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority,* —— U.S. ——, ——, 104 S.Ct. 439, 441, 78 L.Ed.2d 195; *See also Carter v. Kurzejeski,* 706 F.2d 835, 839 (8th Cir.1983); *Yates v. U.S. Soldiers' and Airmen's Home,* 533 F.Supp. 461, 465 (D.C.D.C.1982); *Clark v. Mark,* 79–CV–777 (N.D.N.Y.1980) (McCurn, J.). Although Congress considered including in Title VII a grant of district court jurisdiction over actions to enforce collective bargaining agreements and arbitration awards, as it had done for private sector employees in section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, it purposely omitted any such provision in order to require an aggrieved federal employee to pursue his grievance through the carefully constructed administrative scheme rather than in the courts. *See, Columbia Power Trades Council v. United States Department of Energy,* 671 F.2d 325, 329 (9th Cir.1982); *Yates, supra,* 533 F.Supp. at 463–64. Thus, Congress meant for judicial review to be available only after exhaustion of administrative remedies, and then only to the limited extent permitted by 5 U.S.C. § 7123. *See, BATF v. FLRA, supra,* —— U.S. at —— n. 7, 104 S.Ct. at 444 n. 7.

■ Nor, for the same reason, could general federal jurisdiction be predicated on the assertion of rights "under the appropriate Civil Service laws and regulations." *Complaint* ¶ 6. The pertinent statute is the Civil Service Reform Act of 1978, and as this court has previously held:

> The [Act's] legislative history demonstrates that the FLRA [Federal Labor Relations Authority] was intended by Congress to possess and exercise exclusive jurisdiction over cases involving complaints which alleged violations of the Act.

*Clark v. Mark,* 79–CV–777, *supra,* slip op. at 809. *See also, Carter v. Kurzejeski, supra, Columbia Power Trades Council, supra.*[1]

■ At oral argument on the motion, Walsh's attorney suggested for the first time that the alleged failure of the government to obey the arbitrator's award constituted a deprivation of property without due process, and that this court has jurisdiction under § 1331 over that Fifth Amendment claim. Although the court cannot approve the practice of orally asserting a constitutional claim not expressed in the complaint, it will address plaintiff's contention since it too is governed by the principles discussed above.

Assuming, *arguendo,* that Walsh could state a due process claim based on the conduct of her federal employer, she must nevertheless prosecute that claim through the specific administrative and judicial scheme established by Congress to resolve federal employment related disputes. Courts have consistently rejected the argument that "the existence of a constitutional right automatically exempts a claim based on that right from the exclusivity of the arbitral or review procedures, which provide for some judicial review, recognized and created by Congress." *Carter v. Kurzejski, supra* at 838–39. Indeed, in *Mark v. Clark, supra,* this court specifically rejected an argument by a union and five civilian employees of the Air Force that a Fifth Amendment due process claim against their federal employer was cognizable in this court under § 1331. After ex-

---

**1.** Prior to the enactment of Title VII of the Civil Service Reform Act, labor-management relations in the federal sector were governed by Executive Order No. 11491, 8 CFR 861 (1966–1970 Comp.) and its subsequent amendments. *See BATF v. FLRA, supra,* —— U.S. at —— n. 2, 104 S.Ct. at 441 n. 2. Anticipating that the plaintiff would contend that E.O. No. 11491 furnishes a basis for federal question jurisdiction, the government directed the court's attention to numerous decisions holding that E.O. No. 11491 is not a "law" for § 1331 purposes. *E.g. Kuhn v. National Ass'n of Letter Carriers,* 570 F.2d 757, 760 (8th Cir.1978); *Local 1498, American Federation of Government Employees v. American Federation of Government Employees,* 522 F.2d 486, 491 (3d Cir.1975). At oral argument on the motion, however, the plaintiff declared that he made no such contention.

amining the language, purpose and history of the Civil Service Reform Act and the relevant case-law, this court concluded, "[s]ince plaintiffs' Constitutional claims are arguable unfair labor practices, they must be dismissed as pre-empted under the Act." *Id.*, slip op. at 813. *See also, Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (federal employee must pursue his employment-related First Amendment claim through the comprehensive regulatory scheme created by Congress).[2]

Plaintiff has directed our attention to one case, *Mindel v. United States Civil Service Commission,* 312 F.Supp. 485 (N.D. Cal.1970) in support of the view that a government employee may pursue an employment-related due process claim in federal district court. In *Mindel,* however, the court did not exercise jurisdiction under § 1331, but expressly noted that "[j]urisdiction is founded on 5 U.S.C. Section 702," which provides for judicial review of adverse agency action. *Id.* at 486. Seven years after *Mindel,* however, the Supreme Court unequivocally held that 5 U.S.C. § 702 "is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). Thus, *Mindel* was never solid support for § 1331 jurisdiction, and in any event is no longer good law.

▪ Walsh also seeks to avoid her obligation to exhaust administrative remedies by arguing that Title VII does not provide any remedy for an employee who has already obtained an arbitral award, where

the government fails to implement that award. This court's review of Title VII, however, reveals at least two avenues of relief that were available to her. First, because § 7122(b) provides that "[a]n agency shall take the actions required by an arbitrator's final award," Walsh could have filed a charge against the government pursuant to § 7116(a)(8), which makes it an unfair labor practice "to otherwise fail or refuse to comply with any provision of this chapter." Second, Walsh could have completed the contractual grievance procedures by submitting the matter to binding arbitration. See § 7121(d). Review of that arbitral decision would be available before the Federal Labor Relations Authority, § 7122(a) (or possibly the Merit Systems Protection Board, § 7702) with limited judicial review ultimately available in the Court of Appeals, § 7123.[3]

In sum, Congress has, in Title VII of the Civil Service Reform Act of 1978, established a comprehensive system for the resolution of labor-management disputes in the public sector. That statutory system, and the collective bargaining agreement created pursuant to the statute, afforded Walsh various avenues of relief for her grievance. Like the plaintiffs in *Carter v. Kurzejeski, supra,* 706 F.2d at 840, Walsh "cannot totally avoid this framework by invocation of the general federal question jurisdiction statute."

▪ The First Amendment claims asserted by Walsh in her second cause of action fail for substantially similar reasons. Because she asserts an implied, private right of action under the First Amendment, *see*

---

**2.** The holding above, that § 1331 jurisdiction over Walsh's due process claim is pre-empted by the Civil Service Reform Act, makes it unnecessary for the court to raise the weighty argument that § 1331 jurisdiction is absent because the due process claim is completely devoid of merit and therefore fails to present a substantial federal controversy. *See State of New York District Attorney Investigators Police Benevolent Association, Inc. v. Richards,* 711 F.2d 8, (2d Cir.1983). Though Walsh may indeed have been deprived of property to which she was entitled under the MDA and the arbitral award, it is manifest that the comprehensive remedial scheme of the Civil

Service Reform Act of 1978 constitutes the "process" that is "due".

**3.** Walsh also contends that the Civil Service Reform Act does not apply in her case because her original grievance was filed on August 18, 1978 and the Act did not take effect until January 11, 1979. The argument is specious, since the cause of action asserted herein could not have arisen until, at the very earliest, February or March of 1981, when the government announced its nonselection of Walsh for the Tax Auditor position.

*Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); her claim is expressly foreclosed by the recent unanimous decision of the Supreme Court in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the holding of which was stated in its opening paragraph:

> Petitioner asks us to authorize a new nonstatutory damages remedy for federal employees whose First Amendment rights are violated by their superiors. Because such claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, we conclude that it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy.

*See also, Avitzur v. Davidson,* 549 F.Supp. 399 (N.D.N.Y.1982) (McCurn, J.) (federal employee may not assert an implied right of action under, *inter alia,* the First Amendment, because of the availability of a comprehensive administrative scheme that protects such rights). Because Walsh's claim is completely foreclosed by a Supreme Court decision, there is no federal controversy to support jurisdiction under § 1331. *See State of New York District Attorney Investigators Police Benevolent Association, Inc. v. Richards,* 711 F.2d 8, 10 (2d Cir.1983), *citing Duke Power Co. v. Carolina Environmental Study Group Inc.,* 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–2629, 57 L.Ed.2d 595 (1978).

There being no basis for subject matter jurisdiction under 28 U.S.C. § 1331, the complaint is hereby dismissed.

IT IS SO ORDERED.