**In re Harold R. SHERRELL, Patricia A. Sherrell, Debtors.**

**Harold R. SHERRELL, Patricia A. Sherrell, Plaintiffs,**

**v.**

**FLEET BANK OF NEW YORK, Norstar Bank of New York, Sheldon G. Kall, EMC Mortgage Corp. and Citibank of New York State, Defendants.**

No. 95–Misc.–3530.

United States District Court, N.D. New York.

Feb. 10, 1997.

Harold R. Sherrell, Liverpool, NY, Pro Se.

Costello, Cooney & Fearon, L.L.P., Syracuse, NY, for Fleet Bank of New York; Michael Religa, Barbara Di Piazza, of counsel.

Martin, Martin & Woodard, Syracuse, NY, for Citibank; David Capriotti, of counsel.

## MEMORANDUM DECISION & ORDER

POOLER, District Judge.

On September 20, 1996, I issued a Memorandum Decision & Order ("MD & O"), familiarity with which is presumed, denying the Sherrells' appeal from an order of the bankruptcy court dismissing their adversary claims for lack of subject matter jurisdiction. In response, the Sherrells filed a motion for reconsideration, a motion for a writ of mandamus, and an order to show cause. Based on the following discussion, the Sherrells' motions are denied.

## DISCUSSION

### A. Motion for Reconsideration

The standards for reconsideration are strict "in order to avoid repetitive arguments on issues that have already been fully considered by the Court." *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York,* 139 F.R.D. 294, 294–95 (S.D.N.Y.1991), *aff'd,* 972 F.2d 482 (2d Cir. 1992). Therefore I can grant the Sherrells' motion for reconsideration only if they present "matters or controlling decisions [I] overlooked that might materially have influenced [my] earlier decision." *Morser v. AT & T Information Sys.,* 715 F.Supp. 516, 517 (S.D.N.Y.1989) (discussing Fed.R.Civ.P. 59(e)). However, the motion is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'"

*CMNY Capital, L.P. v. Deloitte & Touche,* 821 F.Supp. 152, 162 (S.D.N.Y.1993) (quoting *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 727 F.Supp. 833, 833 (S.D.N.Y.1989) (internal quotation omitted)).

■ The Sherrells essentially make two arguments in support of reconsideration: (1) that I did not consider a June 5, 1996, letter that set forth allegations vital to their case; and (2) had the bankruptcy court granted their 1995 motion to convert their case back to Chapter 11, the bankruptcy court would have retained subject matter jurisdiction over their adversary claims.

■ I disagree with both contentions. First, the June 5, 1996, letter, contains no new information "that might materially have influenced [my] earlier decision." *Morser,* 715 F.Supp. at 517. Second, under the Bankruptcy Code, "the trustee may abandon any property of the estate that is burdensome to the estate or is of inconsequential value to the estate." 11 U.S.C. § 554(a). The trustee "may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim." *Hanover Ins. Co. v. Tyco Indus., Inc.,* 500 F.2d 654, 657 (3d Cir.1974). Barring certain exceptions, not applicable in this case, "[a]bandonment, once accomplished, is irrevocable." *In re Grossinger's Assoc.,* 184 B.R. 429, 432 (Bankr.S.D.N.Y.1995); *see also In re Bryson,* 53 B.R. 3, 4–5 (M.D.Tenn. 1985). Most importantly, "[t]he effect of the abandonment is to remove the asset from the jurisdiction of the bankruptcy court." *Id.* (quoting *In re Helms,* 1991 WL 284111, at * 1 (E.D.La.1991)). Therefore, when the bankruptcy court granted the trustee's request to abandon the Sherrells' legal claims, those legal claims were irrevocably abandoned. Jurisdiction would not have been recreated had the court granted the Sherrells' subsequent motion to convert the case back to Chapter 11.

■ Moreover, once the legal claims were abandoned, they reverted to the Sherrells. If the Sherrells wish to pursue those claims, they are free to do so. They are not, however- er, free to pursue them in the bankruptcy court because their outcome will not effect the bankruptcy estate.

**B. Writ of Mandamus**

■ On December 16, 1996, the Sherrells filed a motion for a writ of mandamus compelling the United States Justice Department, Executive Office of the Trustee, to perform certain duties. *See* Dkt. No. 25. Mandamus is "an extraordinary remedy to be invoked only in exceptional circumstances." *Agunbiade v. United States,* 893 F.Supp. 160, 163 (E.D.N.Y.1995) (citing *Kerr v. United States Dist. Court for the N. Dist. of California,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976)); *see also Allied Chemical Corp. v. Daiflon,* 449 U.S. 33, 34, 101 S.Ct. 188, 189–90, 66 L.Ed.2d 193 (1980). In order to invoke mandamus jurisdiction the Sherrells must establish that (1) there exists a plainly defined and peremptory duty on the part of the defendant to do the act in question, (2) they have a clear right to the relief sought, and (3) no other adequate remedy is available. *Jon Woods Fashions, Inc. v. Curran,* 1988 WL 38585, at * 1 (S.D.N.Y.1988) (citing *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir.1972), *cert denied,* 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973)). The Sherrells have failed to meet these standards and their motion is denied.

**C. Order to Show Cause**

■ On January 31, 1997, the Sherrells filed an order to show cause requesting that I answer questions concerning their bankruptcy case dating back to 1989. All of the issues raised in their order to show cause have been answered or are not of consequence to this action. Therefore, the Sherrells' order to show cause is denied.

**CONCLUSION**

Based on the this discussion, it is

**ORDERED** that, the Sherrells' motion for reconsideration is **DENIED,**[1] and it is further

---

1. The Sherrells also request that I reconsider my MD & O to the extent that it denied their Sep-

tember 19, 1996, motion, seeking an order directing Niagara Mohawk Corporation to recon-

**ORDERED** that, the Sherrells' motion for a writ of mandamus is **DENIED,** and it is further

**ORDERED** that, the Sherrells' order to show cause is **DENIED.**

**IT IS SO ORDERED.**

nect their electrical power pending a resolution of their appeal. I denied their motion at the same time I denied their appeal. Having now

denied their motion for reconsideration, I again deny their request as it pertains to Niagara Mohawk Corporation.