**Mehmet Yilmaz CEKEN, Plaintiff,**

v.

**Michael CHERTOFF, Emilio T. Gonzalez, Robert S. Mueller, Paul Novak and Alberto Gonzales, Defendants.**

No. 3:06–cv–2051 (WWE).

United States District Court,
D. Connecticut.

Feb. 12, 2008.

Mehmet Yilmaz Ceken, Stamford, CT, pro se.

Krishna R. Patel, U.S. Attorney's Office, Bridgeport, CT, for Defendants.

**MEMORANDUM OF LAW ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

WARREN W. EGINTON, Senior District Judge.

This action arises from plaintiff Mehmet Yilmaz Ceken's request for relief against defendants Michael Chertoff, Emilio T. Gonzalez, Robert S. Mueller, Paul Novak and Alberto Gonzales's (respectively: Secretary, Department of Homeland Security; Director of the United States Citizenship and Immigration Service; Director, Federal Bureau of Investigation; Director, Vermont Service Center; and former Attorney General) actions and failure to act on plaintiff's application for permanent resi-

dence in the United States in accordance with the law. Specifically, plaintiff requests that the Court order defendants to adjudicate his Application to Adjust to Permanent Resident Status (the I485 application) that has been pending before the Vermont Services Center of the United States Citizenship and Immigration Services ("USCIS") since April 7, 2003. Plaintiff seeks relief pursuant to the United States Constitution, the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedures Act, 5 U.S.C. §§ 551 *et seq.*, and has moved for summary judgment on his claims. Defendants move to dismiss this action pursuant to both Fed. R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6), arguing that this Court lacks subject matter jurisdiction pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), and/or that plaintiff has failed to state a claim upon which relief may be granted. In the alternative, defendants move this Court to deny plaintiff's motion for summary judgment.

## BACKGROUND

Plaintiff claims that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. He has never been arrested, convicted of a crime or presented a security risk to the United States and has been lawfully present in the United States since July 2000.

On April 7, 2003, plaintiff submitted I-485 applications on behalf of both himself and his wife pursuant to section 245 of the INA. As part of the submission of his application for adjustment of status, plaintiff provided fingerprints for mandatory security checks conducted by USCIS. By notice dated April 11, 2003, plaintiff was informed of receipt of the application by USCIS. The notice included the language: "It usually takes 365–640 days from the date of this receipt for us to process this type of case." (P., Ex. A) Also on April 3, 2003, plaintiff's employer, GRT Corporation, filed an Immigrant Petition for Alien Worker (I–140 application) on plaintiff's behalf. The I–140 petition was approved by USCIS on May 9, 2003. The notice indicated that the person for whom the I–140 had been filed would be informed separately of USCIS's decision when said decision was reached. (P., Ex. B)

USCIS publishes processing dates for I-485 applications every month online at: https://egov.uscis.gov/cris/jsps/index.jsp.[1] As of December 14, 2007, the Vermont Service Center was processing I-485 applications filed on July 24, 2006 with an estimated 16–18 months to complete such processing. Plaintiff filed his application 50 months prior to the current published processing date.

Concerned about his application, plaintiff first contacted the Vermont Service Center on December 29, 2004 and was informed by notice dated January 7, 2005 that "Our computer systems show that your petition/application is still pending Service consideration." Plaintiff made subsequent inquiries regarding the status of his application on April 2, 2005; February 7, 2006; June 14, 2006 and September 23, 2006 and was consistently informed that his application had been delayed pending the completion of the FBI's name check. Plaintiff continued to check on the status of his and his wife's applications. As of the filing of plaintiff's instant complaint, December 26, 2006, the FBI's name check was still pending.

Plaintiff now seeks a Writ of Mandamus to order defendants to adjudicate his and

---

**1.** The internet address plaintiff provided in his papers has been changed to this address.

his spouse's I–485 applications[2] or, in the alternative, for summary judgment.

## DISCUSSION

### I. Defendants' Motions to Dismiss

Defendants move for dismissal pursuant to both Fed.R.Civ.P. 12(b)(1) and Fed. R.Civ.P. 12(b)(6).

A case is dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) when the court possesses neither the statutory nor the constitutional power to adjudicate it. *Alkeylani v. Dep't. of Homeland Security*, 514 F.Supp.2d 258, 261 (D.Conn.2007). *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.2005). As the party asserting subject matter jurisdiction, plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. The Court should not draw argumentative inferences in plaintiff's favor. *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l., Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). The court may consider evidence outside the pleadings. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

The function of a Rule 12(b)(6) motion to dismiss "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence that might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities*, Inc., 748 F.2d 774, 779 (2d Cir.1984). When deciding a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir.2007) (applying flexible "plausibility standard" to Rule 8 pleading).

The Court will first consider defendants' Rule 12(b)(1) motion to dismiss. If it finds it must dismiss the action because of the lack of subject matter jurisdiction, "the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n.*, 896 F.2d 674, 678 (2d Cir.1990).

### I. Rule 12(b)(1) Motion to Dismiss

#### a. 8 U.S.C. § 1252(a)(2)(B)(ii)

Defendants assert that this Court lacks subject matter jurisdiction over suits requesting judicial review of decisions regarding immigration adjudication or other actions made pursuant to agency discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Defendants rely on section 245 of the INA, codified at 8 U.S.C. § 1255, which authorizes the Attorney General to adjust to permanent residence status certain aliens who have been admitted to the United States. Section 1255(a) provides in relevant part:

> The status of an alien who was inspected and admitted or paroled into the United States … may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such ad-

---

**2.** Plaintiff's wife's application is designated a "dependant's derivative application."

justment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). The statute does not set forth any time frame in which a determination must be made on an application to adjust status.

Plaintiff argues that he is not disputing the Attorney General's discretionary duty to grant or deny his application to adjust his status. Instead, he is claiming that the Court has jurisdiction over defendants' failure to perform their non-discretionary duty to process and adjudicate his application within a reasonable time.

■ It is well settled that there is a "strong presumption in favor of judicial review of administrative action." *Sepulveda v. Gonzales,* 407 F.3d 59, 62 (2d Cir. 2005). *See also INS v. St. Cyr,* 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Consistent with that approach, the Second Circuit has held that "section 1252(a)(2)(B) does not bar judicial review of nondiscretionary, or purely legal, decisions...." *Sepulveda,* 407 F.3d at 63.

■ While the Second Circuit has not addressed the issue as to whether the pace at which an adjudication of an application proceeds is a discretionary decision, the Court finds *Alkeylani v. Department of Homeland Security* particularly instructive. There, Judge Dorsey, finding that the pace at which an application is adjudicated is not a discretionary act limited to the ambit of the Attorney General, presented a thorough listing of other courts, in this and other districts, that have issued similar holdings. *See, e.g. Koren v. Chertoff,* 2007 WL 1431948, *5 (D.Conn.2007) (section 1252(a)(2)(B)(ii) does not divest the district court of subject matter juris-

diction over plaintiffs' claim that the adjudication of their adjustment of status applications has been unreasonably delayed); *Duan v. Zamberry,* 2007 WL 626116, *3 (W.D.Pa.2007) (a determination that if section 1252(a)(2)(B)(ii) precluded judicial review of the pace at which application are processed, it "would amount to a grant of permission for inaction, and a purposeful disregard of the potential for abuse thereof, on immigration matters"); *Bartolini v. Ashcroft,* 226 F.Supp.2d 350, 353 n. 3 (D.Conn.2002) ("the INS does not have discretion as to whether to adjudicate an adjustment of status application"); *Hoo Loo v. Ridge,* 2007 WL 813000, *3 (E.D.N.Y.2007) (noting that adjudicating an I–485 application is not at the discretion of defendants because they are required to do so). This Court agrees with Judge Dorsey and holds that the pace of adjudicating adjustment applications is not specifically committed to the Attorney General's discretion and does not strip this Court of its jurisdiction over plaintiff's claims.

Although section 1252(a)(2)(B)(ii) does not preclude this Court from exercising judicial review of plaintiff's claims, it is necessary that there be a positive basis for subject matter jurisdiction. *Alkeylani,* 514 F.Supp.2d at 264. Plaintiff asserts that this Court has jurisdiction over his claims under the following statutes: (1) 28 US.C. § 1361 (Mandamus Act); (2) 5 U.S.C. § 701 (Administrative Procedures Act); (3) 28 U.S.C. § 1331 (Federal Question Jurisdiction); and (4) 28 U.S.C. § 2201 (Declaratory Judgment Act). Defendants disagree.

**b. Mandamus Act**

■ The Mandamus Act provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel any officer or employee of

the United States or any Agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To establish mandamus jurisdiction, a petitioner must demonstrate that: (1) he has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *In re Sherrell*, 205 B.R. 20, 22 (N.D.N.Y.1997).

Courts have consistently recognized that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The Supreme Court has stated that in the administrative context, "the common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended· to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). The Second Circuit has held that matters that are entirely within the INS's discretion are not reviewable under 28 U.S.C. § 1361. *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir.), *cert. denied*, 439 U.S. 828, 99 S.Ct. 102, 58 L.Ed.2d 121 (1978).

■ Non-discretionary matters, however, are reviewable. "Where the agency in charge of the adjudication fails to render a decision within a reasonable period of time, as required by § 555(b) [of the Administrative Procedure Act], the Court has the power to grant a writ of mandamus compelling an adjudication." *American Academy of Religion v. Chertoff*, 463 F.Supp.2d. 400, 420 (S.D.N.Y.2006). The government "simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." *Kim v. Ashcroft*, 340 F.Supp.2d 384, 393 (S.D.N.Y.2004).

■ Defendants argue that mandamus is inappropriate because the adjudication of plaintiff's applications is completely within the discretionary purview of the government. This argument misconstrues defendants' role: while they possess the discretion to determine the outcome of plaintiff's application, they do not have the discretion over whether the outcome of the application is determined at all. "The Government is correct that its decision to grant or deny ... a visa is sufficiently discretionary to lie beyond the scope of mandamus. But the wide latitude given the Executive to grant or deny a visa application—a discretion bounded only by the U.S. Constitution and Congressional mandate—does not include the authority to refuse to adjudicate a visa application." *American Academy of Religion*, 463 F.Supp.2d at 421. Because defendants are obligated to adjudicate plaintiff's application, failure to render a decision on the application within a reasonable period of time provides this Court with mandamus jurisdiction.

### c. Administrative Procedure Act and Federal Question Statute

Plaintiff asserts that the Court also has subject matter jurisdiction over this matter pursuant to the APA, 5 U.S.C. § 701, *et seq.*, and the federal question statute, 28 U.S.C. § 1331.

The APA independently does not grant the Court subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, section 6 of the APA, when read in conjunction with the federal question statute, does provide such basis. *Koren*, 2007 WL 1431948 at *5.

■ The Court may exercise federal question jurisdiction over a claim only if: (1) the claim relies on an interpretation of

the laws or the Constitution of the United States; and (2) the claim is not patently without merit. *Bartolini v. Ashcroft,* 226 F.Supp.2d 350, 354 (D.Conn.2002).

■ In the instant matter, plaintiff's claim satisfies both these elements. His claim turns on the interpretation of federal law: section 6 of the APA. Section 6 of the APA provides in relevant part: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Furthermore, plaintiff's claim is not "patently without merit." In order to determine whether a claim is without merit, the court must determine "whether the right claimed is insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." *New York Dist. Attorney Investigators Police Benevolent Ass'n., Inc. v. Richards,* 711 F.2d 8, 10 (2d Cir.1983). This Court has held that the right to have an application for adjustment of status within a reasonable time is not "patently without merit." *Salehian v. Novak,* 2006 WL 3041109, *2 (D.Conn.2006). *See also Bartolini,* 226 F.Supp.2d at 354.

■ Therefore, this Court finds subject matter jurisdiction under the APA and the federal question statute and will deny defendants' Rule 12(b)(1) motion to dismiss.

## II. Rule 12(b)(6) Motion

Upon its finding of subject matter jurisdiction, the Court now turns to the question of whether plaintiff can support his claim that defendants have failed to act within a reasonable time as required pursuant to 5 U.S.C. § 555(b). *Salehian,* 2006 WL 3041109 at *3. In order to determine the reasonableness of the delay, the court must "look to the source of the delay—e.g.,

the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Zheng v. Reno,* 166 F.Supp.2d 875, 880 (S.D.N.Y.2001).

In *Salehian,* the court considered plaintiffs' claim that a two-year delay in the processing of their status applications was unreasonable. Finding that it possessed subject matter jurisdiction pursuant to the APA and the federal question statute, the court held that defendants' proffered explanation that "security checks" were the reason for the lengthy delay did not lead the court to conclude that the delay was reasonable. "Although Defendants' proffered explanation of 'security checks' is given significant weight, this explanation, standing alone, does not support the outright dismissal of this action." *Salehian,* 2006 WL 3041109, at *4. The court noted that plaintiffs had demonstrated their full cooperation with defendants throughout the processing of their applications and that it was unreasonable to require them to provide further factual allegations to bolster their claim that the delay was excessive. *Id.* Similarly, in *American Academy of Religion,* the court observed that the government explains the delay in adjudicating plaintiff's case only by suggesting that some complicated cases may raise issues that require a longer processing time than other, simpler applications. The court held that the government's transparent assurances that the review of plaintiff's application was underway and would be resolved "at some point in the future" were completely inadequate. *American Academy of Religion v. Chertoff,* 463 F.Supp.2d at 422.

■ Applying this analysis to the present case, the Court does not conclude beyond a doubt that plaintiff cannot support his claim that defendants have failed to

adjudicate his status application within the reasonable time proscribed by 5 U.S.C. § 555(b). It has been five years since plaintiff submitted his application, he has cooperated with defendants throughout that time, and defendants have merely told him that his "name check" is pending and must be concluded before the matter can be resolved. Plaintiff need not provide more factual allegations to demonstrate unreasonable delay. *Salehian*, 2006 WL 3041109, at *4.

Defendants Rule 12(b)(6) motion to dismiss will be denied. The Court finds that defendants must either adjudicate plaintiff's application or provide a satisfactory explanation for the delay.

### III. Plaintiff's Motion for Summary Judgment

Because the Court will deny defendants' motions to dismiss plaintiff's petition for a writ of mandamus and will grant plaintiff the relief he seeks, plaintiff's motion for summary judgment is rendered moot.

### CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to dismiss plaintiff's petition for writ of mandamus [Doc. # 8]. The Court hereby orders defendants to adjudicate plaintiff's applications for status adjustment within 60 days of the date of this ruling or provide a satisfactory explanation for the delay within the same time frame. The Court finds plaintiff's motion for summary judgment [Doc. # 10] MOOT.