**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                              )     BAP No.   HI-16-1391-TaLB
                                    )
DAVID JOSEPH RYAN and               )     Bk. No.   09-01604
MELISSA ANN RYAN                    )
                                    )
                Debtors.            )
_____)
                                    )
CIT BANK, N.A.,                     )
                                    )
                Appellant,          )
                                    )
v.                                  )     **MEMORANDUM**[*]
                                    )
DAVID JOSEPH RYAN;                  )
MELISSA ANN RYAN,                   )
                                    )
                Appellees.          )
_____)

Argued and Submitted on October 26, 2017
at Honolulu, Hawaii

Filed – January 4, 2017

Appeal from the United States Bankruptcy Court
for the District of Hawaii

Honorable Robert J. Faris, Chief Bankruptcy Judge, Presiding

_____

Appearances:    Christopher James Muzzi of Mosely Biehl Tsugawa
                Lau & Muzzi argued for appellant; Van-Alan H.
                Shima argued for appellees.

_____

Before:    TAYLOR, LAFFERTY, and BRAND, Bankruptcy Judges.

_____

    [*]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

During their chapter 7[1] bankruptcy, debtors David and Melissa Ryan filed a statement of intent to "surrender" their house in Kihei, Hawaii (the "Property"). The secured lender later non-judicially foreclosed on the Property.

Post-foreclosure, Debtors brought a state court wrongful foreclosure action against the secured lender's successor-in-interest, CIT Bank, N.A. ("CIT"). Debtors alleged serious non-compliance with the Hawaii foreclosure law. CIT moved to dismiss and argued, in part, that Debtors' bankruptcy case statement of intent to surrender estopped them from asserting a wrongful foreclosure action. Debtors responded by reopening their bankruptcy case and seeking a clarifying order from the bankruptcy court and an order allowing amendment of their statement of intention. The bankruptcy court provided the requested relief; its clarifying order did not support CIT's positions in the state court litigation.

CIT appeals; it disagrees with the bankruptcy court's analysis and argues that the bankruptcy court improperly issued an advisory opinion and allowed amendment of the statement of intention.

The state court eventually dismissed the wrongful foreclosure action based solely on a state law statute of limitations affirmative defense. Because the state court action

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

was dismissed on state law grounds, and notwithstanding a pending state court appeal, we conclude that this appeal is moot. Accordingly, we DISMISS the appeal, VACATE the bankruptcy court's order, and REMAND with instructions to close the bankruptcy case.

## FACTS

In 2004, Debtors purchased the Property. They later obtained a loan and secured repayment with a mortgage on the Property.

In 2009, Debtors filed a chapter 7 petition. They scheduled their ownership interest in the Property and on their statement of intention stated an intent to surrender the Property. They also filed a separate "Declaration of Debtor Re: Surrender of Property." In it, they declared "that they have surrendered" the Property and "hereby relinquish[] any and all legal, equitable and possessory interests to same. I/We declare under penalty of perjury that the foregoing is true and correct." Consistent with their statement of intention, they did not oppose the secured lender's stay relief motion, and at no time did they question or impede their secured lender's right to foreclose on the Property.

Debtors received their discharge, and the bankruptcy court closed the case.

**The wrongful foreclosure action.** The secured lender non-judicially foreclosed in 2010. In 2016, Debtors eventually brought a wrongful foreclosure action in Hawaii state court against CIT. They asserted that the secured lender, CIT's predecessor-in-interest, failed to comply with Hawaii

3

foreclosure law. Among other things, they alleged serious noncompliance with the publication notice provisions of Hawaii law.

CIT moved to dismiss the state court action and argued that Debtors were judicially estopped from pursuing their claims because the bankruptcy court relied on the statement of intention and surrender declaration when it entered the discharge. It further argued that Debtors lacked standing to bring the claims because they surrendered the Property in the bankruptcy case. It finally argued that the action was barred by the relevant statute of limitations.

**Debtors reopen their bankruptcy case and seek bankruptcy court relief.** In response, Debtors moved to reopen their chapter 7 case;[2] the bankruptcy court granted their motion.

Debtors then asked the bankruptcy court for: (1) an order clarifying that their discharge did not compel them to transfer the Property or prevent them from arguing that the foreclosure was wrongful; or, alternatively, (2) an order permitting them to amend their statement of intention and surrender declaration to clarify that they surrendered the Property to the chapter 7 trustee and did not intend to relinquish state-law protections.

CIT opposed, raising a number of issues. The bankruptcy court took the matter under submission after hearing oral argument. While the matter was under submission, the Eleventh

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

4

Circuit decided <u>Failla v. Citibank, N.A. (In re Failla)</u>, 838 F.3d 1170 (11th Cir. 2016) and determined that a debtor's surrender of real property in a bankruptcy case estopped the debtor from subsequently opposing foreclosure.

**The bankruptcy court's memorandum decision.** When the bankruptcy court issued its memorandum decision, it concluded that: (1) the matter was justiciable and a decision would not be an advisory opinion because there was a live controversy between the parties; (2) it had subject matter jurisdiction over the matter in part; (3) it would not abstain from deciding the matter; (4) reopening the case was proper; (5) as a matter of bankruptcy law, Debtors' "surrender" of the Property under § 521 and surrender declaration did not prevent them from defending against a foreclosure or asserting wrongful foreclosure; (6) as a matter of bankruptcy law, Debtors' discharge was independent of their "surrender" of the Property; and (7) Debtors would be permitted to amend their statement of intention. The bankruptcy court also acknowledged <u>Failla</u> but disagreed with it in most respects.

**Debtors' wrongful foreclosure action is dismissed on non-bankruptcy grounds.** The day after issuance of the bankruptcy court's memorandum of decision, the state court heard and granted CIT's motion to dismiss the wrongful foreclosure action as barred by the statute of limitations.[3] After entry of a

___

[3] Appellants ask us to take judicial notice of: (1) the state court's order granting CIT's motion to dismiss; (2) the accompanying final judgment in the state court; (3) the
(continued...)

5

final judgment, Debtors appealed this decision to the Hawaii Intermediate Court of Appeals, where the matter remains pending.

**The bankruptcy court's separate order**. Eventually, the bankruptcy court entered a separate order granting Debtors' post-reopening motion for the reasons contained in its memorandum decision. CIT timely appealed to the Panel.

**What the parties want us to do on appeal**. The bankruptcy court elected to publish its memorandum decision. In re Ryan, 560 B.R. 339 (Bankr. D. Haw. 2016). And, perhaps given the bankruptcy court's commentary on Failla, this appeal drew outsized attention; we allowed the National Consumer Bankruptcy Rights Center and National Association of Consumer Bankruptcy Attorneys to file amici curiae briefs.

The parties and amici want us to take a position on the issues decided by the bankruptcy court and by the Eleventh Circuit in Failla. We briefly observe that Failla is neither factually or legally applicable.[4] Otherwise, we decline the

---

[3](...continued) transcript of the hearing on the motion to dismiss; and (4) Debtors' appeal from the dismissal. We **grant** the request.

[4] In Failla, as is the case here, the debtors executed a statement of intent to surrender real property encumbered by a mortgage. After this point of commonality, the cases diverge substantially. The debtors in Failla actively opposed foreclosure at every step of the way. 838 F.3d at 1173-74. Here, Debtors did not oppose stay relief and, as CIT's counsel conceded at oral argument, never opposed their lender's right to foreclose.

On appeal, CIT asks us both to adopt and then extend Failla to hold that a debtor who states an intent to surrender cannot
(continued...)

6

invitation to do so; as we discuss below, the appeal is moot.

**JURISDICTION**

Subject to the mootness discussion below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). Also subject to the mootness discussion below, we have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the appeal is moot.

**STANDARD OF REVIEW**

We review our own jurisdiction and mootness de novo. Wilson v. Lynch, 835 F.3d 1083, 1091 (9th Cir. 2016); Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014).

**DISCUSSION**

**A. Jurisdiction: Scope of Review**

Debtors argue that the time to appeal the bankruptcy court's separate order lapsed. We disagree. The bankruptcy court issued its memorandum decision on October 19, 2016, and that decision directed Debtors to submit a proposed order. CIT

---

[4](...continued)
bring a wrongful foreclosure action based on the foreclosing lenders' subsequent noncompliance with state foreclosure laws. Put differently, CIT wants us to read Failla and to interpret relevant law as completely immunizing secured lenders from liability for violation of state foreclosure law if a debtor surrenders real property in a pre-foreclosure bankruptcy. But Failla, even if otherwise correct (a determination we do not make), does not suggest that a secured creditor no longer needs to comply with state foreclosure law. Id. at 1177.

In short, even if the case was not moot we would not "follow" Failla in deciding this appeal because we cannot stretch it so far as to cover the facts of this case.

7

filed its notice of appeal on November 2, 2016.  The bankruptcy court entered its separate order on January 4, 2017.

Rule 8002(a)(2) addresses this exact situation: "A notice of appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry."  Fed. R. Bankr. P. 8002(a)(2).  CIT's notice of appeal is treated as filed on January 4, 2017, and is timely.  See Fed. R. Bankr. P. 8002(a)(1).

Debtors also argue that we lack jurisdiction over the order reopening the bankruptcy case.  The bankruptcy court entered its order reopening the bankruptcy case in June 2016; CIT filed its notice of appeal in November of 2016, well beyond the 14-day appeal window.  But a reopening order is "simply a mechanical device . . . . [that] has no independent legal significance and determines nothing with respect to the merits of the case." Abbott v. Daff (In re Abbott), 183 B.R. 198, 200 (9th Cir. BAP 1995).  Accordingly, the order granting the motion to reopen the case was interlocutory because it did not resolve the merits of the underlying dispute; instead, it was a preliminary step in the process.  See Wilborn v. Gallagher (In re Wilborn), 205 B.R. 202, 206 (9th Cir. BAP 1996).  The process ended with the January 4, 2017 final order; subject to our mootness analysis, we have jurisdiction to review the reopening order.

**B.  Jurisdiction: Mootness**

**1.  The appeal is moot.**

"It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a 'personal

8

stake' in the ultimate disposition of the lawsuit." Chafin v. Chafin, 568 U.S. 165, 172 (2013) (internal quotation marks omitted) (citations omitted). A case, thus, may become moot during appeal.

"A case is moot if the issues presented are no longer live and there fails to be a 'case or controversy' under Article III of the Constitution." Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). Determining constitutional mootness turns on whether "the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in [its] favor." Id.; Chafin, 568 U.S. at 172 ("But a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)). A case is not moot if the parties have a "concrete interest, however small, in the outcome of the litigation . . . ." Chafin, 568 U.S. at 172.

The question, here, is whether we can grant any effective relief. At present, we cannot.

The Hawaii state court dismissed the wrongful foreclosure action based solely on the Hawaii statute of limitations. It did not consider or rely on bankruptcy law or the bankruptcy court's decision.[5] As a result, even if we conclude that the bankruptcy court erred, reversal would not change the status quo.

---

[5] See Transcript of Proceedings in Hawaii Circuit Court (Oct. 20, 2016) at 20:3-7 ("While the Court appreciates Judge Faris' well-reasoned decision that came out yesterday on this issue, this matter merits dismissal regardless of Plaintiffs' statement of intent to surrender.").

We acknowledge that Debtors appealed the state court's judgment of dismissal. And on appeal, an appellate court will either reverse or affirm the dismissal. If the dismissal remains intact, the matter would remain moot.

On the other hand, if the dismissal is reversed, then the wrongful foreclosure action would proceed and the state court may consider CIT's bankruptcy related defenses and may agree or disagree with the bankruptcy court's analysis. At oral argument, CIT's counsel argued that the case was not moot for this reason. But this is merely a contingent interest that does not create jurisdiction on this appeal. See Alcoa, Inc. v. Bonneville Power Admin., 698 F.3d 774, 793 (9th Cir. 2012) ("Specifically, '[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (internal quotation marks omitted) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). Similarly, Debtors' counsel argued that the appeal is not moot because the Hawaii appellate court could affirm the state court dismissal on separate grounds, that is, the bankruptcy grounds. But, that is yet another contingent future event; it is insufficient to establish jurisdiction on appeal.[6]

This mootness analysis is supported by case law arising in cases where a federal court must review a decision of a state

---

[6] We also note that "[n]o matter what we conclude, the opinion of the [bankruptcy] court will not be ripped from [the Bankruptcy Reporter]." NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal., 488 F.3d 1065, 1069 (9th Cir. 2007).

court. "As the Supreme Court explained in [a] line of federalism cases . . ., federal courts will not review a question of federal law decided by a state court if the decision of that court rests on a state law that is independent of the federal question and adequate to support the judgment." Cunningham v. Wong, 704 F.3d 1143, 1155 (9th Cir. 2013) (citations and internal quotation marks omitted). When the Supreme Court is directly reviewing a state court judgment, "the independent and adequate state ground doctrine is jurisdictional." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Coleman continues:

> Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.

Id. See Herb v. Pitcairn, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion.").

Accordingly, we conclude that the appeal is moot for all purposes.[7]

**2.   Because the appeal is moot, we vacate the bankruptcy court's order.**

"When a case becomes moot on appeal, the established

---

[7] In the event of reversal, nothing stops either party from returning to the bankruptcy court and petitioning it for a new opinion. In the event the bankruptcy court reissues a similar opinion, CIT may then re-appeal.

11

practice is to reverse or vacate the decision below with a direction to dismiss." NASD Dispute Resolution, Inc., 488 F.3d at 1068 (internal quotation marks omitted); Am. Civil Liberties Union of Nev. v. Masto, 670 F.3d 1046, 1065 (9th Cir. 2012) ("The 'normal rule' when a case is mooted is that vacatur of the lower court decision is appropriate." (citation omitted)). "Vacatur in such a situation eliminates a judgment the loser was stopped from opposing on direct review." NASD Dispute Resolution, Inc., 488 F.3d at 1068 (internal quotation marks and alterations omitted). Otherwise, "the lower court's judgment . . . would escape meaningful appellate review thanks to the happenstance of mootness." Id. In the Ninth Circuit when a case becomes moot on appeal, vacatur is generally automatic. Id.

Given the circumstances, we conclude that vacatur, the standard practice, is appropriate.[8]

---

[8] There are exceptions to the general rule of vacatur, and "vacatur is not always appropriate when a case becomes moot on appeal." NASD Dispute Resolution, Inc., 488 F.3d at 1068; Masto, 670 F.3d at 1065-66. One exception arises when "the party seeking appellate relief fails to protect itself or is the cause of subsequent mootness." NASD Dispute Resolution, Inc., 488 F.3d at 1069 (emphasis and internal quotation marks omitted). In such a case, the appellate court must consider principles of equity and the public interest. Id. Any facial appeal to this exception is insufficient. CIT's own actions caused the mootness when it prevailed in the state court and obtained dismissal, but the Ninth Circuit has already reasoned that this is not enough to avoid vacatur. Id. at 1070 ("[Appellants] were not even parties to those actions [that mooted the case], though it would not matter if they had been, because they could not be required to abandon their consistent position in other pending litigation merely to avoid mooting out
(continued...)

12

**CONCLUSION**

Accordingly, we DISMISS the appeal as moot, VACATE the bankruptcy court's order, and REMAND with instructions to close the case.

---

[8](...continued) another case."). No other exception is even arguably applicable.